UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY HAMILTON (#87047)

VERSUS                                                        CIVIL ACTION

BOBBY JINDAL, ET AL                                           NUMBER 09-847-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 8, 2010.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY HAMILTON (#87047)

VERSUS                                                        CIVIL ACTION

BOBBY JINDAL, ET AL                                   NUMBER 09-847-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Gov. Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Louisiana Parole Board Chairman Jim Wise, Warden Burl Cain, Mary Cockerham and Tessie Cooley. Plaintiff amended his complaint to add Linda Ramsey as a defendant.[1] Plaintiff alleged that he is serving a life sentence and has been denied the opportunity to earn good time credits in violation of his constitutional rights. Plaintiff sought an award of good time credits, an earlier release from custody based on earning good time credits, monetary damages,[2] and unspecified declaratory and injunctive relief.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this

---

[1] Record document number 6.

[2] See record document number 16, First Amended Petition, ¶ 4.

>title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's claim regarding denial of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a

state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against the defendants cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the length of his confinement. Because the denial of good time credits essentially increases the plaintiff's time in custody, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. At 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that the denial of good time credits has been reversed, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the

plaintiff's claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, S.Ct. (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, January 8, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE